# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMIE TEICHMAN,

    Defendant.

Case No. CR-S-2:10-CR-00313-KJD-PAL

**ORDER**

    Before the Court is Jamie Teichman's Motion for Bail Pending Appeal (#47). The Government has not filed an opposition.

I. Background

    Defendant entered into a plea agreement with the Government and a Plea Memorandum was filed on July 20, 2010. On March 18, 2011 Defendant filed a Motion to Continue his sentencing hearing based on assertion that Defendant's assistance to the Government was ongoing and that the Government had not fully evaluated the extent of Defendant's cooperation. This motion was denied. On May 11, 2011, Defendant was sentenced to thirty-three (33) months imprisonment and five (5) years supervised release for Conspiracy to Commit Mail Fraud in violation of 18 U.S.C. 1349.

    Defendant is now seeking bail pending appeal pursuant to Fed. R. App. P. 9(c). The basis for Defendant's appeal is that the Government acted in bad faith by opposing his Motion to Continue before fully evaluating Defendant's assistance and failing to factor in a full evaluation of Defendant's cooperation when moving for a downward departure. Additionally, Defendant contends that the Government acted in bad faith by making an allegedly false representation at the sentencing hearing.

II. Discussion

    A. Legal Standard

Under federal law, there is a presumption against granting a defendant bail after conviction and sentencing. 18 U.S.C. § 3143(b). To obtain bail pending appeal, the convicted defendant must prove by clear and convincing evidence each of the following four factors: "(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises a substantial question of law or fact; and (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." United States v. Handy, 761 F.2d 1279, 1283 (9th Cir. 1985); 18 U.S.C. § 3143(b)(A) and (B)(1998); Fed. R. Crim. P. 46(c); Fed. R. App. P. 9(c).

Here, Defendant argues that the actions of the Government breach the implied covenant of good faith and fair dealing, in attempt to demonstrate that his appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial. A "substantial question" is defined as a question that is "fairly debatable", or "fairly doubtful" —and has been described as a question "of more substance than would be necessary to a finding that it was not frivolous." Id. (citations omitted). In Handy, the Ninth Circuit noted that the term "'substantial' defines the *level of merit* required in the question presented" and the phrase "'likely to result in reversal [or] and order for a new trial' defines *the type of question* that must be presented." United States v. Handy, 761 F.2d at 1280 (emphasis in original).

    B. Defendant's Motion

The Court finds that Defendant has not demonstrated that his appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial. As an initial matter, Defendant has no likelihood of success on the merits because the sentence imposed was within the guideline range. As part of his plea, Defendant waived his right to appeal any sentence that is

imposed within the applicable Sentencing Guideline range as calculated by the Court. (#5 Plea Memorandum at 6.)

Defendant's argument that the Government acted in bad faith by opposing his Motion to Continue Sentencing until the Government determined the full extent of his cooperation is without merit. The Government filed its Sealed Motion For Downward Departure (#21) recommending a two-level downward adjustment for "substantial assistance" and recommending sentencing at the low end of the range. This is entirely consistent with the sentence anticipated in the plea agreement, especially considering the substantial loss amount. (#5 at 2). The Government may still make a motion for a further downward adjustment within one year if the assistance provided by Defendant warrants it. Accordingly, Defendant's argument on this point fails to raise a substantial question that would result in reversal or a new trial.

Defendant further argues that the Government made a false representation at sentencing by mischaracterizing Defendant's statements relating to possession of gold and silver. The Court did not attach any credibility to the Government's statement and it played no role in determining the sentence imposed against Defendant.

III. Conclusion

The Defendant has not met his burden to demonstrate by clear and convincing evidence that the appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial. Accordingly, bail pending appeal is denied. Handy 761 F.2d 1283.

**IT IS HEREBY ORDERED** that Jamie Teichman's Motion for Bail Pending Appeal (#47) is **DENIED**.

DATED this 16th day of September 2011.

_____
Kent J. Dawson
United States District Judge